NATHAN DEYO *vs.* JOHN JENNISON & another.

I*f* a debtor who resides in another state is fraudulently induced by procurement of his creditor to bring into this commonwealth property which by the laws of the place of his residence is exempt from attachment, in order that it may be attached here, and the same is accordingly so attached, the attachment is void; and both the creditor and the officer who makes the attachment are liable in damages as trespassers, although the officer did not know of the fraud and simply obeyed the terms of his precept.

TORT for the conversion of a pair of horses, wagon, some harnesses, and other articles of personal property.

At the trial in the superior court, before *Vose*, J., there was evidence tending to show the following facts : Deyo and Jennison both lived in the state of New York. Jennison had a claim against Deyo, and Deyo had the property in controversy, which under the laws of New York was exempt from attachment. Jennison caused fraudulent misrepresentations to be made to Deyo that a man in Egremont wished to employ him to transport a load of goods to Poughkeepsie, New York, and thereby induced him to come with his team to Egremont, where the property was attached on the 8th of October 1863 on a writ in favor of Jennison, and kept for about fifteen days, when the same was returned, with the exception of one horse which died on the same day of the attachment, from some sudden disease. The jury found specially that the plaintiff was induced by this fraud to bring his property into this commonwealth, and that the officer who made the attachment (who was the other defendant) had no knowledge of the fraud. On the 22d of October the same officer made a second attachment of the same property on another writ in favor of the plaintiff, brought upon the same claim.

Truman, the officer, was chosen a constable of Egremont in March 1862, and there was evidence tending to show that he gave a bond, as required by Gen. Sts. *c.* 18, §§ 61, 62, which ha～ since been lost. In March 1863 he was again chosen, but gave no new bond until October 21st 1863.

The judge instructed the jury that if Jennison procured the

bringing of this property by the plaintiff into this common-wealth by a fraudulent misrepresentation made for the purpose of enabling Jennison to attach the property here, and the property was attached here under those circumstances, such attachment was void, and both defendants were wrongdoers and liable in damages; and the plaintiff would be entitled to recover the value of the property taken, at the time it was taken, less the value of the property returned, with interest on that sum from the time of the taking, together with a reasonable compensation for the injury caused by the detention of the property; that the burden of proof was on the plaintiff to establish such fraud; that if no fraud had been practised, then the liability of the defendants would depend on the question whether Truman had any authority as a constable on October 8th 1863 to make the attachment; that if in 1862 he complied with the law requiring a bond to be given by him, he had the requisite authority, and the defendants would not be liable; and that if no bond had been given in 1862, the execution of the bond on October 21st 1863, before the second attachment, would not excuse the first attachment.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. P. Pingree, Jr.*, for the defendants. The officer was justified by his precept. *Williams* v. *Babbitt*, 14 Gray, 141. *Clarke* v. *Whipple*, 2 Gray, 410, and cases cited. *Russ* v. *Butterfield*, 6 Cush. 242. *Tubbs* v. *Tukey*, 3 Cush. 438. *Wilmarth* v. *Burt*, 7 Met. 257. The act of Jennison was not such a fraud as would render the attachment void.

*I. Sumner & M. Wilcox*, for the plaintiff.

DEWEY, J. The illegality of the attachment of the property of the plaintiff on the 8th of October 1863 is well established by the application, to the facts of the present case, of the legal principles so deliberately settled and so fully stated in the cases of *Parsons* v. *Dickinson*, 11 Pick. 352, and *Ilsley* v. *Nichols*, 12 Pick. 270. These cases declare the principle that a valid and lawful act cannot be accomplished by any unlawful means, and wherever such unlawful means are resorted to, the law will

interpose to restore the party injured thereby to his rights. In the former of these cases unlawful means had been used to keep the property of the debtor from passing to the vendee, and to continue its liability to attachment until the next day, and an attachment was thereupon made ; but it was held that an attachment made under such circumstances was ineffectual, and the parties making it were trespassers. In the other case the attachment had been preceded by an unlawful breaking open of a dwelling-house ; and such unlawful means having been used to expose the property to the officer holding a writ of attachment, it was held that the attachment was unlawful and invalid.

In the present case the jury have found that Jennison, the creditor, procured the bringing of this property into this commonwealth by a fraudulent representation made to the plaintiff, for the purpose of enabling Jennison to attach the property here, the same previously being within the limits of the state of New York, and where by the laws of that state such property was not attachable. The attachment made under such circumstances falls within the principle we have stated, and thus the taking and detaining of the property were acts of trespass, and the parties thus illegally participating in the same became liable therefor.

But it is said that as to the attaching officer the jury have found that he did not know of such fraudulent acts on the part of Jennison before he took the property. And it is further said that, having a lawful precept from a magistrate which commanded him to attach the property of the plaintiff, his acts in obedience to that precept are justified.

These positions may be properly answered together. An officer takes many responsibilities for violation of the legal rights of others, where he acts unwittingly and in perfect good faith. Take the case of an ordinary attachment, made at the request of a creditor, of goods owned by A., on a writ of attachment against C. The officer may have no knowledge that the goods belong to A. or even are claimed by him, but he is no less a trespasser if the goods really belong to A. The only indemnity for the officer in that case would be a recurrence to his employer

upon his promise or bond of indemnity ; and this he may always require. Take the other class of cases, more analogous to the present, where the writ directs generally an attachment of the goods and chattels of A. The officer attaches the goods of A., but the property attached is a cow or a swine, and it is subsequently made to appear that this property was exempt from attachment. It is no justification to the officer that the property belonged to A. The direction to attach always includes the idea of attachable property, and the officer takes it at his peril in this respect, and if it is not attachable he is a trespasser, and is liable to be sued as such. *Gibson* v. *Jenney,* 15 Mass. 205. *Howard* v. *Williams,* 2 Pick. 80. *Foss* v. *Stewart,* 14 Maine, 312. *Bean* v. *Hubbard,* 4 Cush. 85. *Brown* v. *Wait,* 19 Pick. 470.

If it be urged that the cases of attachment of articles exempted by law from attachment are unlike the present, as the exemption in those cases is by statute, and the officer must therefore be presumed to know it, it may be replied, in the first place, that such exemption often depends upon facts not easily known or learned by the officer, and often upon very nice and acute distinctions taken by the court. But the answer is a broader one, that they only illustrate a principle equally applicable to other cases, where, by reason of preceding unlawful acts on the part of the attaching creditor, the property is not liable to the attachment by a writ in his favor, as was the case in *Parsons* v. *Dickinson,* 11 Pick. 352. Being wrongfully brought within the jurisdiction, and not attachable for that cause, all persons actively participating in the unlawful act are trespassers.

The officer and the creditor thus both became liable to the owner of the goods for this trespass, and no subsequent attachment made by the same creditor and officer on the 21st of October affected his rights. *Otis* v. *Jones,* 21 Wend. 394. *Barratt* v. *Price,* 9 Bing. 566.

In the view we have taken of this case, it is unnecessary to consider the question of the sufficiency of the official bond given by the officer in 1862, to authorize service of process under an appointment in the succeeding year. Under the decisions of this court, as to bonds given for the performance of duties in an

office annual by law, there would seem to be ground of objection to the enforcement of such bond. But as the defendants have no reason for complaint on that subject, and as the maintenance of this verdict does not depend upon that question, we waive its further consideration.

The ruling as to damages was sufficiently favorable to the defendants, and upon the whole case neither of the defendants has any ground of exception to the rulings of the superior court.

*Exceptions overruled.*